IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LABORERS' PENSION FUND, LABORERS' WELFARE FUND OF THE HEALTH AND WELFARE DEPARTMENT OF THE CONSTRUCTION AND GENERAL LABORERS' DISTRICT COUNCIL OF CHICAGO AND VICINITY, THE CHICAGO LABORERS' DISTRICT COUNCIL RETIREE HEALTH AND WELFARE FUND, CATHERINE WENSKUS, not individually but as Administrator of the Funds, <br><br> Plaintiffs, <br><br> v. <br><br> CALUMET MASONRY CO., a dissolved Indiana company and JOSH HOLDER, individually <br><br> Defendants. | Case No.: 19 C 527 |

## COMPLAINT

Plaintiffs, Laborers' Pension Fund, Laborers' Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity, the Chicago Laborers' District Council Retiree Health and Welfare Fund and Catherine Wenskus, not individually but as Administrator of the Funds, (collectively the "Funds"), by their attorneys Patrick T. Wallace, Amy Carollo, G. Ryan Liska, Katherine C.V. Mosenson, and Sara Shumann, and for their Complaint against Calumet Masonry Co., an Indiana dissolved corporation, and Josh Holder, individually state:

## COUNT I

### (Failure to Submit to An Audit)

1. Jurisdiction is based on Sections 502(e)(1) and (2) and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1132 (e)(1) and (2) and 1145, Section 301(a) of the Labor Management Relations Act ("LMRA") of 1947 as amended, 29 U.S.C. §185(a), 28 U.S.C. §1331, federal common law, and 805 ILCS 5/1 et seq.

2. Venue is proper pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), and 28 U.S.C. §1391 (a) and (b).

3. The Funds are multiemployer benefit plans within the meanings of Sections 3(3) and 3(37) of ERISA. 29 U.S.C. §1002(3) and 37(A). They are established and maintained pursuant to their respective Agreements and Declarations of Trust in accordance with Section 302(c)(5) of the LMRA. 29 U.S.C. § 186(c)(5). The Funds have offices and conduct business within this District.

4. Plaintiff Catherine Wenskus ("Wenskus") is the Administrator of the Funds, and has been duly authorized by the Funds' Trustees to act on behalf of the Funds in the collection of employer contributions owed to the Funds and to the Construction and General Laborers' District Council of Chicago and Vicinity Training Fund, and with respect to the collection by the Funds of amounts which have been or are required to be withheld from the wages of employees in payment of Union dues for transmittal to the Construction and General Laborers' District Council of Chicago and Vicinity (the "Union"). With respect to such matters, Wenskus is a fiduciary of the Funds within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A).

2

5. Calumet Masonry (hereinafter the "Company") is an administratively dissolved Indiana corporation, effective December 5, 2018. The Company does business within this District and is an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. §1002(5), and Section 301(a) of the LMRA, 29 U.S.C. §185(c).

6. Defendant Josh Holder (hereinafter "Holder") is the owner and president of Calumet Masonry at the time of the dissolution and prior to dissolution, and is joint and severally liable for all debts and liabilities of the Company to the Funds incurred in carrying on the Company's business after the date of involuntary dissolution.

7. The Union is a labor organization within the meaning of 29 U.S.C. §185(a). At all times relevant herein, the Union and the Company have been parties to successive collective bargaining agreements, becoming effective on August 7, 2002. (A copy of the "short form" Agreement entered into between the Union and Company which Agreement adopts and incorporates Master Agreements between the Union and various employer associations, and also binds Company to the Funds' respective Agreements and Declarations of Trust is attached hereto as Exhibit A.)

8. The Funds have been duly authorized to serve as collection agents for the Union in that the Funds have been given the authority to collect from employers union dues which should have been or have been deducted from the wages of covered employees. Further, the Funds have been duly authorized by the Construction and General Laborers' District Council of Chicago and Vicinity Training Fund (the "Training Fund"), the Midwest Construction Industry Advancement Fund ("MCIAF"), the Mid-American Regional Bargaining Association Industry Advancement Fund ("MARBA"), the Chicagoland Construction Safety Council (the "Safety

3

Fund"), the Laborers' Employers' Cooperation and Education Trust ("LECET"), the Concrete Contractors Association ("CCA"), the CDCNI/CAWCC Contractors' Industry Advancement Fund (the "Wall & Ceiling Fund"), the CISCO Uniform Drug/Alcohol Abuse Program ("CISCO"), the Laborers' District Council Labor Management Committee Cooperative ("LDCMC"), the Will Grundy Industry Trust Advancement Fund ("WGITA"), the Illinois Environmental Contractors Association Industry Education Fund ("IECA Fund"), the Illinois Small Pavers Association Fund ("ISPA"), and the Chicago Area Independent Construction Association ("CAICA") to act as an agent in the collection of contributions due to those Funds.

9. The Agreement and the Funds' respective Agreements and Declarations of Trust obligate Company to make contributions on behalf of its employees covered by the Agreement for pension benefits, health and welfare benefits, for the training fund and to submit monthly remittance reports in which Company, *inter alia*, identifies the employees covered under the Agreement and the amount of contributions to be remitted to the Funds on behalf of each covered employee. Pursuant to the terms of the Agreement and the Funds' respective Agreements and Declarations of Trust, contributions which are not submitted in a timely fashion are assessed liquidated damages and interest.

10. The Agreement and the Funds' respective Agreements and Declarations of Trust requires the Defendants to submit the Company's books and records to the Funds on demand for an audit to determine benefit contribution compliance.

11. The Agreement requires the Defendants to obtain and maintain a surety bond to guaranty the payment of future wages, pension and welfare benefits.

12. Notwithstanding the obligations imposed by the Agreement and the Funds' respective Agreements and Declarations of Trust, the Defendants failed to submit the requested books and records to an audit for the period of January 1, 2017 forward, thereby depriving the Funds of contributions, income and information needed to administer the Fund and jeopardizing the benefits of the participants and their beneficiaries.

13. Under the terms of the Agreement and the Funds' respective Agreements and Declarations of Trust, Defendants are liable for the costs of any audit.

14. The Defendants' actions in failing to submit to an audit and submit payment of benefit contributions revealed as doing and owing violates Section 515 of ERISA, 29 U.S.C. §1145.

15. Pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. §1132 (g)(2), Section 301 of the LMRA, 29 U.S.C. §185, federal common law, and the terms of the Agreement and the Funds' respective Trust Agreements, Defendants are liable to Funds for unpaid contributions, as well as interest and liquidated damages on the unpaid contributions, audit costs, and reasonable attorneys' fees and costs, and such other legal and equitable relief as the Court deems appropriate.

WHEREFORE, Plaintiffs respectfully request this Court enter a judgment in favor of the Funds against Defendants Calumet Masonry Co. and Josh Holder, jointly and severally:

    a.     ordering Defendants to submit the books and records to an audit for the period of January 1, 2017 forward;

b. retaining jurisdiction to enter judgment in sum certain on the amounts revealed as owing on the audit, if any, including contributions, interest, liquidated damages, and audit costs; and

c. awarding Plaintiffs any further legal and equitable relief as the Court deems appropriate.

## COUNT II

### (Failure To Submit to an Audit)

16. Plaintiffs reallege paragraphs 1 through 15 of Count I.

17. Pursuant to agreement, the Funds have been duly designated to serve as collection agents for the Union in that the Funds have been given the authority to collect from employers union dues which have been or should have been deducted from the wages of covered employees.

18. Notwithstanding the obligations imposed by the Agreement, the Defendants failed to submit the requested books and records to an audit for the period of January 1, 2017 forward thereby depriving the Union of income and information.

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in favor of the Funds and against Defendants Calumet Masonry Co. and Josh Holder, individually, joint and severally:

a. ordering the Defendants to submit the books and records to an audit for the period of January 1, 2017 forward;

b. retaining jurisdiction to enter judgment in favor of the Funds and against the Defendants for the amounts revealed on the audit including dues, liquidated damages, audit costs, and attorneys' fees and expenses; and

c. awarding Plaintiffs any further legal and equitable relief as the Court deems appropriate.

## COUNT III

**(Failure to Submit Reports and Pay Employee Benefit Contributions)**

19. Plaintiffs reallege paragraphs 1 through 15 of Count I as though fully set forth herein.

20. Notwithstanding the obligations imposed by the Agreement and the Funds' respective Agreements and Declarations of Trust, the Company and Mr. Holder have:

(a) failed to submit reports and/or pay all contributions to Plaintiff Laborers' Pension Fund for the period of August 2017 forward, thereby depriving the Laborers' Pension Fund of contributions, income and information needed to administer the Fund and jeopardizing the pension benefits of the participants and beneficiaries;

(b) failed to submit reports and/or pay all contributions to Plaintiff Laborers' Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity for the period of August 2017 forward, thereby depriving the Welfare Fund of contributions, income and information needed to administer the Fund and jeopardizing the health and welfare benefits of the participants and beneficiaries;

(c) failed to submit reports and/or pay all contributions to Chicago Laborers' District Council Retiree Health and Welfare Fund for the period of August 2017 forward, thereby

depriving the Retiree Welfare Fund of contributions, income and information needed to administer the Fund and jeopardizing the health and welfare benefits of the participants and beneficiaries;

(d) failed to submit reports and/or pay all contributions to Laborers' Training Fund for the period of August 2017 forward, thereby depriving the Laborers' Training Fund of contributions, income and information needed to administer the Fund and jeopardizing the training fund benefits of the participants and beneficiaries; and

(e) failed to submit reports and/or pay all contributions owed to one or more of the other affiliated funds identified in paragraph 7 above for the period of August 2017 forward, thereby depriving said fund(s) of contributions, income and information needed to administer said fund(s) and jeopardizing the benefits of the participants and beneficiaries.

21. The Defendants also failed to obtain and maintain a surety bond.

22. The Defendants' actions in failing to submit timely reports and contributions and obtain and maintain a surety bond violate Section 515 of ERISA, 29 U.S.C. §1145, and Section 301 of the LMRA. 29 U.S.C. §185.

23. Pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. §1132 (g)(2), Section 301 of the LMRA, 29 U.S.C. §185, federal common law, and the terms of the Agreement and the Funds' respective Trust Agreements, the Company and Mr. Holder are liable to the Funds for unpaid contributions, as well as interest and liquidated damages on the unpaid contributions, accumulated liquidated damages, reasonable attorneys' fees and costs, and such other legal and equitable relief as the Court deems appropriate.

WHEREFORE, Plaintiffs respectfully request this Court enter a judgment against Defendants Calumet Masonry Co. and Josh Holder, individually, joint and severally, as follows:

    a.    ordering the Defendants to submit benefit reports and pay all contributions for the time period of August 2017 forward;

    b.    ordering the Defendants to obtain and maintain a surety bond;

    c.    entering judgment in sum certain against Defendants on the amounts due and owing as pled in the Complaint, and the amounts revealed as owing pursuant to the August 2017 forward reports, including contributions, interest, liquidated damages, and attorneys' fees and costs; and

    d.    awarding Plaintiffs any further legal and equitable relief as the Court deems just and appropriate.

## COUNT IV

### (Failure to Submit Reports and Pay Union Dues)

24.    Plaintiffs reallege paragraphs 1 through 15 of Count I and Paragraphs 16 and 17 of Count II as though fully set forth herein.

25.    Dues reports and contributions are due by the 10th day following the month in which the work was performed. Dues reports and contributions which are not submitted in a timely fashion are assessed liquidated damages.

26.    Notwithstanding the obligations imposed by the Agreement and the Funds' respective Agreements and Declarations of Trust the Defendants failed to submit Union dues reports and dues that were or should have been withheld from the wages of its employees

performing covered work for the period of March 2017 forward, thereby depriving the Union of income and information necessary to determine dues submission compliance.

27. Pursuant to the Agreement and Federal Common Law, the Company and Mr. Holder are liable to the Funds for the unpaid Union dues, as well as liquidated damages, accumulated liquidated damages, audit costs, reasonable attorneys' fees and costs as the Union's collection agent, and such other legal and equitable relief as the Court deems appropriate.

WHEREFORE, Plaintiffs respectfully request this Court enter a judgment against Defendants Calumet Masonry Co. and Josh Holder, individually, joint and severally, as follows:

a. ordering the Company and Mr. Holder to submit dues reports and pay all dues for the time period of March 2017 forward;

b. entering judgment in sum certain against the Company and Mr. Holder on the amounts due and owing pursuant to the March 2017 forward dues reports, and on any amounts found due and owing pursuant to the audit, including dues, interest, liquidated damages, accumulated liquidated damages, and attorneys' fees and costs; and

c. awarding Plaintiffs any further legal and equitable relief as the Court deems just and appropriate.

January 25, 2019                                         Laborers' Pension Fund, et al.

                                                         By: /s/ Amy Carollo

Office of Fund Counsel
111 W. Jackson Blvd., Suite 1415
Chicago, IL 60604
(312) 692-1540



# CONSTRUCTION & GENERAL LABORERS'
# DISTRICT COUNCIL OF CHICAGO AND VICINITY
AFFILIATED WITH THE LABORERS' INTERNATIONAL UNION OF NORTH AMERICA, AFL-CIO
101 BURR RIDGE PARKWAY • SUITE 200 • BURR RIDGE, IL 60527 • PHONE: 630/655-8189 • FAX: 630/655-8553

## INDEPENDENT CONSTRUCTION INDUSTRY COLLECTIVE BARGAINING AGREEMENT

It is hereby stipulated and agreed by and between _Calumet Masonry Co_ ("Employer") and the Construction and General Laborers' District Council of Chicago and Vicinity, LIUNA ("International Union of North America/AFL-CIO") ("Union"), representing and encompassing its affiliated Local Unions, including Local Nos. 1, 2, 4, 5, 6, 25, 75, 76, 96, 118, 149, 152, 225, 269, 288, 582, 681, 1001, 1006, 1035, 1092, (together with any other Local Unions that may come within the Union's jurisdiction ("Local Union"), and encompassing the geographic areas of Cook, Lake, DuPage, Will, Grundy, Kendall, Kane, McHenry and Boone counties, Illinois.

1. **Recognition.** [body text]

2. **Labor Contract.** [body text]

3. **Dues Checkoff.** [body text]

4. **Work Jurisdiction.** [body text]

5. **Fringe Benefits.** [body text]

6. **Wages and Industry Funds.** [body text]

7. **Contract Enforcement.** [body text]

8. **Successors.** [body text]

9. **Termination.** [body text]

10. **Prior Acts.** [body text]

Dated: Aug '__  

ACCEPTED:  
LABORERS' LOCAL UNION NO. ___  
By: _David Mauer_  

CONSTRUCTION AND GENERAL LABORERS'  
DISTRICT COUNCIL OF CHICAGO AND VICINITY  

By: _Frank Riley, President & Business Manager_  

By: _James P. Connolly, Business Manager_  

_MCA_  

For Office Use Only:  

30601  

(Employer) _Calumet Masonry Co_  

FEIN No: _____  

By: _Jack Hoxha Vice Pres._  
(Print Name and Title)  

_Jack Hoxha_ (Signature)  

_14414 Baltic Dr._ (Address)  

_Orland Park, IL 60462_ (City, State and Zip Code)  

_708-_____-____ (Telephone)  

RECEIVED AUG 14 2002 FIELD DEPT.

WHITE - LOCAL UNION • CANARY - TRUST FUND • PINK - DISTRICT COUNCIL • GOLD - EMPLOYER

**EXHIBIT A**